UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

ELIZABETH ANN MAHONEY,

    Plaintiff,

v.

                                      Case No: 10-CV-11785-DT

                                      HONORABLE DENISE PAGE HOOD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
## and REMANDING MATTER

This matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation filed July 26, 2011. The time to file Objections have passed and to date, no Objections have been filed to the Report and Recommendation.

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support

a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that on the facts of this case, the evidence to which the Administrative Law Judge points as "contradictory" or unsupportive of the treating physician's opinion is not substantial. The Court further agrees with the Magistrate Judge that there is insufficient evidence to reject the opinion of a long-term treating specialist as to Plaintiff's fibromyalgia symptoms. The Court accepts the Magistrate Judge's suggestion that the ALJ re-assess Plaintiff's credibility, subjective pain complaints, and mental impairments in the context of Plaintiff's fibromyalgia.

As recommended by the Magistrate Judge, this matter is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human*

2

*Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id*. A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302 (citations omitted).

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Michael Hluchaniuk filed July 26, 2011 **(Doc. No. 14)** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Doc. No. 10, filed August 6, 2010)** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **(Doc. No. 13, filed October 4, 2010)** is GRANTED

IT IS FURTHER ORDERED that this matter is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings.

                                              s/Denise Page Hood  
                                              Denise Page Hood  
                                              United States District Judge

Dated: August 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 25, 2011, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager