UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH ANN MAHONEY, | Case No. 10-11785 |
| Plaintiff, | Denise Page Hood |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION
MOTION FOR ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)(1) (Dkt. 24)**

### I.  PROCEDURAL HISTORY

Plaintiff filed the instant claims on November 9, 2006, alleging that she became unable to work on November 2, 2004.  (Dkt. 6, Tr. at 110).  The claim was initially disapproved by the Commissioner on April 27, 2007.  (Dkt. 6, Tr. at 57-69).  Plaintiff requested a hearing and on February 2, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Roy L. Roulhac, who considered the case *de novo*.  In a decision dated June 15, 2009, the ALJ found that plaintiff was not disabled.  (Dkt. 6, Tr. at 24-36).  Plaintiff requested a review of this decision on July 13, 2009.  (Dkt. 6, Tr. at 15-16).  The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits (AC-13E, 20F, 21F, 22F, Dkt. 6, Tr. at 5), the Appeals Council, on May 14, 2010,

denied plaintiff's request for review. (Dkt. 6, Tr. at 1-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

On May 30, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Denise Page Hood referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance and supplemental security income benefits. (Dkt. 2). The undersigned recommended that this matter be remanded for further consideration by the ALJ and this recommendation was adopted by the District Court. (Dkt. 14, 15).

On September 23, 2011, plaintiff timely filed a motion for attorney fees under the Equal Access to Justice Act (EAJA). (Dkt. 18). Plaintiff requested a total of $4,160.33 in attorney fees and requested that those fees be paid directly to her attorney. (Dkt. 18-2). Plaintiff also requested the $350 filing fee. This motion was referred to the undersigned for report and recommendation (Dkt. 21), and the undersigned recommended that plaintiff's motion for attorney fees be granted and that fees in the amount of $4,160.33 and costs in the amount of $350 be awarded to plaintiff. (Dkt. 22). That recommendation was adopted by the District Court. (Dkt. 23).

Pursuant to the Court's order, by written notice dated October 7, 2011, the Appeals Council vacated the decision of the Commissioner and remanded the matter to an ALJ for another hearing.  A second hearing was held on February 17, 2012, before ALJ Dennis Matulewicz.  The ALJ issued a written decision on March 7, 2012, finding plaintiff disabled as of her alleged onset date.  On September 19, 2013, plaintiff filed the instant motion for attorney fees pursuant to 42 U.S.C. § 406(b).  (Dkt. 24).  Plaintiff is seeking $18,243.25 in fees, representing twenty-five percent of plaintiff's past-due benefits, and requests that the total amount be paid to her counsel.  (*Id.*).  The Commissioner responded to this motion on October 3, 2012.  (Dkt. 26).  The Commissioner argues that plaintiff's fee petition should be dismissed because: (1) her attorneys failed to provide their non-contingent rate so that the Court can make a determination as to the reasonableness of the requested fees; and (2) plaintiff's fee petition represents a windfall to her attorneys, relying on *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418 (6th Cir. 1990).  (*Id.*).  On December 5, 2012, this matter was referred to the undersigned for report and recommendation (Dkt. 27), and the undersigned issued a notice of determination of the motion without oral argument that same day.  (Dkt. 28).  Plaintiff filed a reply brief in support of her fee petition on May 3, 2013, in which counsel modified the fee request to comply with the Sixth Circuit's holding in *Hayes*, *supra*.  (Dkt. 31).  Plaintiff submits that counsel's customary hourly rate

in September 2012, when the fee petition was filed, was $182.21/hour. (*Id.*).

Plaintiff argues that, under *Hayes*, a rate of $364.42 (two times $182.21) is

automatically considered a non-windfall, resulting in a modified request for fees in

the amount of $8,837.19 ($364.42/hour for the 24.25 hours worked). (*Id.*).[1] This

matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's fee petition be **GRANTED AS MODIFIED BY PLAINTIFF** and that

plaintiff's counsel be awarded fees in the amount of $8,837.19, and that upon

receipt of this award, counsel for plaintiff will remit the EAJA award directly to

plaintiff.

## II.    ANALYSIS AND CONCLUSION

Title 42 U.S.C. § 406(b) authorizes the Court to award attorney's fees

following the successful prosecution of Social Security disability appeals.[2]

However, such fees may not exceed 25% of the past-due benefits which the

claimant receives as a result of the appeal. 42 U.S.C. § 406(b). Furthermore, the

---

[1] Plaintiff also stated that her counsel will request the balance of fees in the amount of $9,406.06 withheld by fee petition before the Administration under the provision in 42 U.S.C. § 406(a). (*Id.*).

[2] Congress has made clear that an attorney may not obtain a double recovery. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). Thus, in cases like this one where an attorney first receives an EAJA award and then subsequently seeks payment under § 406(b), he is required to remit to the claimant the smaller of the two awards. *Jankovich*, 868 F.2d at 871 n.1.

attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee arrangements," but rather "call for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A 25% contingency fee arrangement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (emphasizing that the 25% statutory cap is not to be "viewed as per se reasonable," but instead should be "a starting point for the court's analysis"). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* However, such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees

5

> generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* In *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418 (6th Cir. 1990), the Sixth Circuit said that "under *Rodriguez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted by contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. The *Hayes* court reasoned that "a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately." *Id.* (citations omitted). In other words, in a contingent fee case, unless and until the hypothetical hourly rate exceeds twice the standard rate, a court may not conclude that the requested fee is a windfall. *Id.*

Here, counsel and plaintiff have a contingency fee agreement which provides that counsel's fees will be 25% of plaintiff's past-due benefits. (Dkt. 24-3). The Notice of Award shows that the agency withheld $18,243.25 of plaintiff's award, representing 25% of her past-due benefits, in the event the agency needed to pay plaintiff's counsel. (Dkt. 24-3). Plaintiff's counsel initially requested the entire 25% contingency fee of $18,243.25 in their motion for attorney fees

6

(resulting in a hypothetical hourly rate of approximately $752.30, based on 24.25 hours worked). (Dkt. 24). However, after the Commissioner responded to plaintiff's motion and objected to the requested fees as unreasonable, plaintiff's counsel modified that fee request in their reply brief, and now seek a fee of $8,837.19, approximately 8.3% of plaintiff's past-due benefits. (Dkt. 31).

In response to the Commissioner's argument that the fee petition should be dismissed because plaintiff's counsel failed to provide their non-contingent rate and because a full award would result in a windfall to plaintiff's counsel, plaintiff submits that her counsel's customary hourly rate in September 2012, when the fee petition was filed, was $182.21 per hour. (*Id.*).[3] Plaintiff then concludes that a hypothetical hourly rate of $364.42 an hour (two times $182.21) and resulting contingency fee award of $8,837.19 (for 24.25 hours of work) would not be considered a windfall under *Hayes*. (*Id.*). The undersigned agrees and suggests that this modified fee request is a reasonable hypothetical hourly rate and

---

[3] Plaintiff asserts that the only non-contingency fee requests made by counsel are those made under the Equal Access to Justice Act ("EAJA"), and that the $182.21 hourly rate represents the adjusted hourly rate, taking into account cost of living adjustments to the statutory hourly rate of $125 for all cases filed after March 29, 1996. (Dkt. 31). The undersigned suggests that $182.21 is a reasonable hourly rate for attorneys of plaintiff's counsel's reputation, skills and experience. *Accord Zoltani v. Comm'r of Soc. Sec.*, 2013 WL 1891358, at *2 (N.D. Ohio Apr. 8, 2013) (approving rate of $182 per hour), *adopted by* 2013 WL 1891354 (N.D. Ohio may 3,2013); *Grimsley v. Comm'r of Soc. Sec.*, 2012 WL 2031249, at *2 (E.D. Mich. June 6, 2012) (approving EAJA rate of $182.75 per hour, and noting that "the attorney fee award is substantially below the average market rate for legal services in the United States"); *see also Willis v. Comm'r of Soc. Sec.*, 2013 WL 4240835, at *5 (S.D. Ohio Aug. 14, 2013) ("The sum of $170.00 is akin to a 'standard rate' for purposes of calculating the reasonableness of an additional award under § 406(b).").

7

contingency fee for work performed on this matter. *See e.g.*, *Willis*, 2013 WL 4240835, at *5 (finding "the sum of $170.00 is akin to a 'standard rate' for purposes of calculating the reasonableness of an additional award under § 406(b)" and approving a "hypothetical [contingency] rate of $360.00 per hour, or slightly more than double the 'standard rate'"); *Lasley v. Comm'r of Soc. Sec.*, 2013 WL 3900096, at *8-9 (S.D. Ohio July 29, 2013) (approving a contingency fee that reflects a calculated hourly fee of $360.00 per hour); *Lowery v. Comm'r of Soc. Sec.*, — F. Supp.2d —, 2013 WL 837317, at *2 (S.D. Ohio Mar. 6, 2013) (calculated hourly rate of $406.45 for contingency fee does not amount to a windfall to plaintiff's counsel); *Vaughn v. Astrue*, 2012 WL 3585928, at *3 (S.D. Ohio Aug. 20, 2012) (finding, using a "conservative hourly fee of $180.00," that payment of fees at a hypothetical hourly rate of $302.86 would not result in a windfall); *Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving claimed rate of $170.00 to 172.00 for EAJA fees, and contingency rate of $625.00 per hour for section 406(b) fees, finding that half that rate is $312.50, "which is hardly out of line with the hourly rates of attorneys of comparable skill in Michigan"), *adopted by* 2013 WL 1759137 (E.D. Mich. Apr. 24, 2013). Moreover, there have been no allegations of, nor has the undersigned found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee.

Therefore, plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), as modified by plaintiff, should be granted. *Accord Willis*, 2013 WL 4240835, at *6 (approving hypothetical rate of $360 per hour, or slightly more than double the "standard rate" found applicable to this case); *Lowery*, — F. Supp.2d —, 2013 WL 837317, at *2-3 (approving hypothetical hourly rate of $406.45).

## III. RECOMMENDATION

It is **RECOMMENDED** that plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Dkt. 24) be **GRANTED AS MODIFIED BY PLAINTIFF** and that attorney's fees under 42 U.S.C. § 406(b) be awarded in the amount of **$8,837.19**, offset by the amount previously awarded as fees under the EAJA.[4]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

---

[4] This decision is made without prejudice to any right or ability of plaintiff or plaintiff's counsel to apply for a fee award from the Social Security Administration pursuant to 42 U.S.C. § 406(a).

9

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 23, 2013              s/Michael Hluchaniuk
                                   Michael Hluchaniuk
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 23, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Eddy Pierre Pierre, Mark A. Aiello, Russell Cohen, Social Security Administration, and Susan K. DeClercq, AUSA.

                                               s/Tammy Hallwood
                                               Case Manager
                                               (810) 341-7887
                                               tammy_hallwood@mied.uscourts.gov